# JIMMIE JOHNSON v. STATE.

### No. A-421.    Opinion Filed March 21, 1911.

#### (114 Pac. 339.)

1.    APPEAL—Transfer of Cause—Necessity of Filing Case-Made. Under the statute, section 6951, Snyder's Compiled Laws, it is necessary for the case-made to be filed with the clerk of the court from which the appeal is taken to this court. When this is not done, it will be stricken from the files.

2.    APPEAL—Necessity for Transcript and Case-Made. It is the duty of counsel appealing cases to this court to furnish a complete transcript and case-made, sufficient at least to enable this court to intelligently review the case on appeal. When this is not done, and no fundamental errors appear in the transcript, and no intelligent brief, pointing out errors sufficient to entitle appellant to a reversal, is filed, the judgment of the lower court will be affirmed.

(Syllabus by the Court.)

5 Cr.—37

*Appeal from District Court, Murray County; R. McMillan, Judge.*

Jimmie Johnson was convicted of assault with intent to kill, and he appeals. Affirmed.

*J. Q. Adams* and *J. P. Lockwood,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. The appellant, Jimmie Johnson, was convicted at the August, 1909, term of the district court in Murray county, on a charge of assault with intent to kill, alleged to have been committed upon D. L. Smith, and was sentenced on the 18th day of September, 1909, to serve five years in the state penitentiary.

This appeal is attempted by case-made, and is very incomplete and defective, containing 10 pages, awkwardly put together and illogically arranged. The most serious proposition that presents itself to our minds is whether or not this defendant was properly represented on the trial in the court below. The record being so incomplete that we are unable to determine this question, and the trial court having permitted the judgment to stand, it will not be reversed on that ground. It is the duty of counsel in appealing cases to this court to present a complete transcript or case-made, intelligently gotten up so as to be of some benefit to the court in endeavoring to determine whether or not the proceedings in the court below have been regular and in accord with approved rules.

This case-made was never filed in the office of the clerk of the district court of Murray county, as the law requires. Under repeated holdings of this court, the case-made will have to be stricken from the files. The only questions left for us to examine are the objections to the instructions of the court. The instructions of the court, taken as a whole, fairly present the law. While they could be improved on in form, we find no fundamental errors. There is no brief filed on the part of the appellant. There is a one-page, unintelligent, typewritten sheet, marked "Counsel's Abridgment of Case and Argument," which is abso-

lutely worthless to us in endeavoring to arrive at correct conclusions in this case.

. After careful consideration of the instructions of the court and the errors complained of as best we can under this record, we think the judgment of the court below should be affirmed; and it is so ordered.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.