## PETER DEMOLAN v. STATE.

No. A-483.   Opinion Filed March 21, 1911.

(114 Pac. 260.)

1. **APPEAL—Time—Misdemeanor Cases.** Under the provisions of the statute, section 6948, Snyder's Compiled Laws 1909; appeals to the Criminal Court of Appeals in misdemeanor cases must be taken within 60 days from the date of judgment, unless the court for good cause shown allows an additional time not to exceed 120 days from the date of judgment.

2. **APPEAL—Time—Dismissal for Delay.** When appeals are not perfected within the time allowed by this statute, this court is without jurisdiction to review them, and they will be dismissed.

(Syllabus by the Court.)

*Appeal from Hughes County Court; P. W. Gardner, Judge.*

Peter Demolan was convicted of having intoxicating liquors in possession for purpose of illegal sale, and he appeals. Dismissed.

*Crump, Rogers & Harris,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   Judgment and sentence was pronounced in this case on the 3d day of July, 1909. The appeal was filed on December 13, 1909. Under section 6948, Snyder's Comp. Laws 1909, appeals in misdemeanor cases must be filed within 60 days after the pronouncement of judgment and sentence unless for good cause shown the time is extended by the trial

court, not to exceed 120 days from the date of the judgment and sentence. The court gave 60 days for the preparation and service of case-made, from the day judgment was pronounced, but made no order fixing the time for filing the appeal. The statutory time of 60 days would therefore apply. The record fails to show that any time was ever asked for or granted by the trial court court after the date the judgment was pronounced, and, even if there had been such an order, this appeal was filed after the expiration of the four months and such extension would not have availed.

This is an appeal that we would have been glad to review; but under the repeated holdings of the court we are without jurisdiction to review it, and it will have to be dismissed. It is the duty of persons appealing cases to this court to appeal them in the manner provided by law, and it is not the fault of the court that this is not done. It is not a pleasant duty to have to dismiss a person's appeal without reviewing it, and this is never done by this court, except upon jurisdictional grounds. It matters not how meritorious an appeal may be, it must be taken and perfected as the law provides.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.