## ED. GUNTER v. STATE.

No. A-2761.  Opinion Filed January 17, 1917.

(162 Pac. 231.)

APPEAL AND ERROR—Dismissal. Procedure Criminal, section 5991, Rev. Laws 1910, provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days.

Held, that when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute the record or casemade must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed.

*Appeal from County Court, Okmulgee County; Mark L. Bozarth, Judge.*

Ed. Gunter was convicted of a violation of the prohibitory law, and he appeals. Appeal dismissed.

*E. M. Carter* and *R. B. F. Hummer,* for plaintiff in error.

*R. McMillan,* Asst. Atty Gen., and *R. E. Simpson,* Co. Atty., for the State.

DOYLE, P. J.  The plaintiff in error, Ed Gunter, was convicted in the county court of Okmulgee county on a charge of unlawful possession of intoxicating liquor, and on the 15th day of February, 1916, he was sentenced to be confined in the county jail for 60 days and to pay a fine of $100, and $55 costs, and, in default of payment of said fine and costs, that he be further confined until the same is satisfied as by law provided. To reverse the judgment an appeal was attempted to be taken by

filing in this court on June 14, 1916, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal for the reason that the same was not taken within the time provided by law; that the statutory 60 days expired on the 16th day of April, 1916, and, no order of court extending the time to appeal having been granted, the appeal should be dismissed because this court has not acquired jurisdiction to hear the appeal.

Our Procedure Criminal provides that:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." (Section 5991, Rev. Laws 1910.)

No answer or response to the motion to dismiss has been filed, and a careful examination of the case-made fails to disclose that the trial court or judge made any order extending the time in which to perfect the appeal. It is the uniform holding of this court that the appeal must be perfected within the time prescribed by the statute, otherwise this court does not acquire jurisdiction to review the judgment. *Krivanek v. State,* 11 Okla. Cr. 172, 144 Pac. 188.

It follows that the motion to dismiss must be sustained. The purported appeal is therefore dismissed, and the cause remanded to the trial court, with direction to enforce its judgment therein.

ARMSTRONG and BRETT, JJ., concur.