## JOE RICHARDS v. STATE.

No. A-3200.   Opinion Filed June 17, 1919.

(181 Pac. 520.)

1.  **APPEAL AND ERROR—Time in Misdemeanor Cases—Record or Case-Made—Dismissal.** Procedure Criminal (section 5991, Rev. Laws 1910), provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held that, when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court, or judge thereof, for good cause shown, extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed.

2.  **APPEAL AND ERROR—Case-Made—Filing.** Under Rev. Laws 1910, sec. 5242, it is necessary that the case-made be filed with the papers in the case in the court below, and, when that is not done, such case-made will be stricken from the files.

*Appeal from County Court, Seminole County;*
*D. G. Hart, Judge.*

Joe Richards was convicted of a violation of the prohibitory law, and he appeals.   Appeal dismissed.

*M. A. Kennamer,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, Joe Richards, was convicted in the county court of Seminole county on a charge that he did have in his possession one quart of alcohol with the unlawful intent to sell the same, and his punishment was fixed at six months' confinement in the county jail and a fine of $250.   From the judgment rendered on the verdict, he appeals.

The Attorney General has filed a motion to dismiss the appeal for the following reasons:

First. That the same was not filed in this court within the time provided by law.

Second. The case-made was not filed in the court below, and therefore this court is without jurisdiction of the case.

It appears from the record that the judgment in this case was rendered on the 31st day of July, 1917. The petition in error and case-made was filed in this court on November 14, 1917, 106 days after the rendition of the judgment and 46 days after the statutory time for filing the appeal had expired. The case-made contains no order extending the statutory time of 60 days for filing of appeal.

Our Procedure Criminal provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Rev. Laws 1910.

It is the uniform holding of this court that, when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court or judge thereof extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed. *Gunter v. State,* 13 Okla. Cr. 83, 162 Pac. 231.

It also appears that the case-made was not filed in the court below as required by section 5242, Rev. Laws 1910. Under the statute it is necessary for the case-made to be filed with the papers in the case in the court below.

When this is not done, such case-made will be stricken from the files. See *Johnson v. State*, 5 Okla. Cr. 577, 114 Pac. 339.

It therefore follows that the motion of the Attorney General should be sustained.

It is so ordered, and the purported appeal herein is dismissed, and the cause remanded.

ARMSTRONG and MATSON, JJ., concur.