## PAUL WHITE v. STATE.

No. A-3516—Opinion Filed Oct. 23, 1920.

(192 Pac. 822.)

(Syllabus.)

APPEAL AND ERROR—Time for Appeal in Misdemeanor Case—Necessity for Record Showing Extension of Time. Procedure Criminal (section 5991, Rev. Laws 1910) provides that: "In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Held that, when an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court, or judge thereof, for good cause shown, extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed.

*Appeal from County Court, Tulsa County;*

*W. B. Williams, Judge.*

Paul White was convicted of pointing a pistol at another, and he appeals. Appeal dismissed, and cause remanded.

*Biddison & Campbell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Paul White, was tried and convicted on an information charging that on the 29th day of August, 1918, he did unlawfully and wrongfully point a Colt revolver at another, to wit, William Schuttler, and in accordance with the verdict of the jury he was sentenced to be confined in the county jail for a period of three months and pay a fine of $50. From the judgment rendered on December 18, 1918, an appeal was attempted to be taken by filing in this court on March 13, 1919, a petition in error with case-made.

The Attorney General on July 28, 1920, filed a motion to dismiss the appeal in this case "for the reason that the same was not filed in this court within the time provided by law, and therefore the purported appeal in this case is a nullity, and this court is without authority to review the judgment." To this motion no response has been filed.

The record shows that, when the judgment in this case was rendered, the following order was made:

"The Court: The defendant will be given 60 days in which to make and serve case-made, ten days thereafter in which to suggest amendments thereto, cause to be settled upon five days' notice in writing by either party."

—and that the only other order made is as follows:

"Comes now defendant by his attorneys, Biddison & Campbell, and requests 15 days' additional to the time heretofore fixed by the court within which to prepare, serve and settle case-made in the above-entitled cause, and, it appearing to the court that good cause exists therefor, it is ordered that 15 days in addition to the time heretofore

granted and fixed by this court within which to perfect an appeal to the Criminal Court of Appeals of the state of Oklahoma is hereby granted, and that five days' notice in addition thereto be given the county attorney for the settling and suggesting amendments to case-made. Dated this 5th day of July, A. D. 1919."

Our Code of Criminal Procedure provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Rev. Laws 1910.

It is the uniform holding of this court that, when an appeal in a misdemeanor case is not taken within 60 days prescribed by the statute, the record or case-made must affirmatively show that the trial court or judge thereof extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed. *Richard v. State,* 16 Okla. Cr. 162, 181 Pac. 520.

It therefore follows that upon the record in this case the motion of the Attorney General is well taken and should be sustained. It is so ordered, and the purported appeal herein dismissed, and the cause remanded.

ARMSTRONG and MATSON, JJ., concur.