S. H. RHINE v. STATE.
No. A-3542—Opinion Filed Nov. 9, 1920.
(193 Pac. 52.)

Appeal from County Court, Tulsa County: W. B. Williams, Judge.

S. H. Rhine was convicted of the unlawful possession of intoxicating liquors, and sentenced to pay a fine of $125, and to serve a term of 30 days' imprisonment in the county jail, and he appeals. Appeal dismissed, and cause remanded with direction.

W. L. Coffey, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton and W. C. Hall, Asst. Attys. Gen., for the State.

PER CURIAM. This is a purported appeal from a judgment of conviction rendered against defendant, S. H. Rhine, in the county court of Tulsa county on the 8th day of March, 1919, wherein defendant was sentenced to pay a fine of $125 and to be imprisoned in the county jail of Tulsa county for a period of 30 days for having in his possession certain intoxicating liquors with intent to sell the same.

The Attorney General has filed a motion to dismiss the appeal, which, among other grounds, includes the ground that the judgment was rendered on the 8th day of March, 1919, and the petition in error, with case-made attached, was not filed in this court until the 8th day of May, 1919, which was 61 days after the rendition of judgment,

and that the record does not disclose that the trial court granted any additional time beyond the 60 days allowed by statute to perfect an appeal in misdemeanor cases and for such reason this court has acquired no jurisdiction of the appeal. The motion to dismiss the appeal was filed in this court on the 12th day of August, 1920, and no response has been made thereto by counsel representing defendant. An examination of the record discloses that the motion of the Attorney General to dismiss the appeal is well taken. The following cases are in point: Gunter v. State, 13 Okla. Cr. 83, 162 Pac. 231; Hampton v. State, 13 Okla. Cr. 85, 162 Pac. 237; Rhodes v. State, 13 Okla. Cr. 86, 162 Pac 230.

For the reason that the appeal was not lodged in this court within the time allowed by the statute this court acquired no jurisdiction to entertain the appeal, and the same is dismissed, and the cause remanded to the trial court, with directions to enforce its judgment.