## FRED MOBBS v. STATE.

No. A.-3822. Opinion Filed Oct. 14, 1922.
(209 Pac. 655.)

Appeal from County Court, Atoka County; J. M. Humphreys, Judge.

Fred Mobbs was convicted of a violation of the Prohibitory Law, and he appeals. Appeal dismissed.

C. McCasland, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction against Fred Mobbs, rendered in the county court of Atoka county at the April, 1920, term; said Mobbs having been found guilty of selling intoxicating liquors, and sentenced to serve a term of 60 days' imprisonment in the county jail and to pay a fine of $250.

The Attorney General has filed a motion to dismiss the appeal because judgment was rendered on the 15th day of April, 1920, and the appeal was not filed in this court until the 21st day of July, 1920, more than 60 days after the rendition of judgment, the record failing to disclose that the county court of Atoka county, or the judge thereof, for good cause shown, made any order extending the time beyond 60 days in which this appeal might be filed. No response has been made to the motion to dismiss.

It appears from the record that the judgment in this case was rendered on the 15th day of April, 1920. The petition in error and case-made were filed in this court on the 21st day of July, 1920, 97 days after the rendition of judgment, and 37 days after the statutory time for filing the appeal had ex-

pired. The case-made contains no order extending the statutory time of 60 days for filing the appeal.

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Revised Laws 1910.

Where an appeal in a misdemeanor case is not taken within 60 days as prescribed by statute, the record or case-made must affirmatively show that the trial court, or judge thereof, extended the time; otherwise this court is without jurisdiction to review the judgment, and the appeal must be dismissed. Gunter v. State, 13 Okla. Cr. 83, 162 Pac. 231; Richards v. State, 16 Okla. Cr. 162, 181 Pac. 520.

The record sustains the contention of the Attorney General that the appeal was not lodged in this court within the period of time fixed by the statute for taking appeals in misdemeanor cases. It follows, therefore, that the motion of the Attorney General to dismiss the appeal should be sustained.

The purported appeal herein is dismissed, and the cause remanded to the trial court.