# W. L. JUMP v. STATE.

No. A-10123. Jan. 20, 1943.
(133 P. 2d 561.)

Johnson & Johnson, of Fairfax, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. W. L. Jump has appealed to this court from a conviction in the county court of Pawnee county for the crime of unlawfully selling cholera infected hogs.

The Attorney General has filed a motion to dismiss the appeal for the reason that the judgment and sentence of the county court was pronounced against the defendant on the 3rd day of June, 1941, and that this appeal was filed in the office of the Clerk of the Criminal Court of Appeals on August 14, 1941, which was more than 60 days after the date of the judgment and sentence. That no order of the county court was ever made extending the time in which said appeal might be filed.

No response has been filed to this motion, and an examination of the record sustains the allegations set forth in said motion.

Section 3192, O. S. 1931, 22 O. S. 1941, § 1054, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. * * *"

In the case of Gunter v. State, 13 Okla. Cr.. 83, 162 P. 231, it is stated:

"* * * When an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

See, also, Fleetwood v. State, 16 Okla. Cr. 675, 181 P. 157; McAdams v. State, 17 Okla. Cr. 740, 192 P. 428.

It is therefore ordered that the purported appeal be and the same is hereby dismissed and the cause is remanded to the county court of Pawnee county, with directions to cause its judgment and sentence to be carried into execution.

BAREFOOT and DOYLE, JJ., concur.