## JOE BOUZIDEN v. STATE.

No. 10307.   May 17, 1944.

(149 P. 2d 99.)

C. E. Wilhite, of Alva, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and H. C. Crandall, of Alva, for defendant in error.

BAREFOOT, J.   Defendant, Joe Bouziden, was charged in the county court of Woods county with the crime of unlawful possession of intoxicating liquor, towit, one pint of whisky and one-half pint of alcohol; was tried, convicted and sentenced to pay a fine of $50 and to serve 30 days in the county jail.   From this judgment and sentence he has appealed.

A motion has been filed by the Attorney General to dismiss the appeal, for the reason the same was not filed in this court within the time prescribed by law.

388

The record reveals that judgment and sentence was pronounced on May 5, 1942. O. S. A. 1941, Title 22, § 1054, provides:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

Under this statute, defendant had 60 days after this judgment was rendered to file his appeal in this court. He was thus given until July 4, 1942. On May 28, 1942, the defendant had the court enter the following order:

"It is therefore by the court ordered and decreed that said defendant have and he is hereby given an extension of 30 days time from and after the 4th day of June, 1942, in which to prepare and serve case-made herein the state to have ten days thereafter in which to suggest amendments, and the same to be signed and settled on five days' notice, * * *."

The case-made was signed and settled on July 3, 1942, but was not filed in this court until July 11, 1942. In his response to the motion to dismiss, it is contended by defendant that by reason of the terms of the order made on May 28, 1942, that he was given 30 days additional time from June 4, 1942, and that the state having ten days additional time to suggest amendments, and the same to be signed and settled on five days' notice, that this gave him an additional 15 days, which would extend the time to July 19. We are of the opinion that this extension did not automatically give him the 15 days additional time, and when he had the case-made served and signed by the court on July 3, 1942, it then became his duty to file the

same in this court within the 60-day period as provided by the statute above quoted.

After the motion of the Attorney General was filed, defendant could have applied to the county court for an order nunc pro tunc, but this was not done. We dislike to dismiss an appeal in a criminal case and it is only when we are deprived of jurisdiction that we will do so. This is especially true in cases of this character, where we have examined the record and find that the evidence was insufficient under the law to sustain the judgment and sentence.

Under the facts as above stated, the motion to dismiss the appeal is sustained, and the judgment and sentence of the county court of Woods county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.