## CLAUDE DAVIDSON v. STATE.

No. A-10603.   March 20, 1946.

(167 P. 2d 381.)

Wimbish & Wimbish, of Ada, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Ewing C. Sadler, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Claude Davidson, was convicted in the county court of Pontotoc county of the crime of the unlawful possession of intoxicating liquor, and has appealed.

The Attorney General has filed a motion to dismiss the appeal which is as follows:

"1. The judgment and sentence in the aforesaid cause was entered in open court the 21st day of November, 1944, and filed in the office of the court clerk on the same date.

"2. The record fails to disclose any order by the court extending time within which to make and serve case made or time within which to file an appeal.

"3. The record shows further the petition in error and case made herein were filed with this court on January 22, 1945, which was 62 days after the rendition of said judgment and sentence, or two days after the expiration date within which said appeal could be filed, all of which is not in conformance with provisions of law and procedure as defined by 22 O. S. 1941 § 1054, and the decisions of this court."

22 O. S. 1941 § 1054 is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

It has been uniformly held that the provisions of this section are mandatory, and not within the discretion of the court. In Fleetwood v. State, 16 Okla. Cr. 675, 676, 181 P. 157, this court in the syllabus said that the section "providing that an appeal must be taken within 60 days from judgment, unless the time is extended by the trial court or the judge thereof. is mandatory, and, where there was no extension, an appeal filed one day late would be dismissed." To the same effect, see McAdams v. State, 17 Okla. Cr. 740, 192 P. 428; Demolan v. State, 5 Okla. Cr. 253, 114 P. 260.

This motion to dismiss appeal was set for hearing; no response was filed on behalf of the defendant and no appearance made at the time the case was set for oral argument. Under the record as herein above disclosed, it appears that the motion to dismiss the appeal should be sustained.

It is therefore ordered that the appeal is dismissed and the cause is remanded to the county court of Pontotoc county with directions to cause its judgment and sentence to be carried into execution.

BAREFOOT, J., concurs. DOYLE, J., not participating.