# S. L. RYALS v. STATE.

No. A-10738.    April 9, 1947.

(179 P. 2d 482.)

Sam Y. Colby, of Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Haskell, A. Holloman, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant was sentenced on October 17, 1945, to serve 30 days in the county jail and pay a fine of $50 upon conviction for the crime of illegal possession of intoxicating liquor.

The Attorney General has filed a motion to dismiss the appeal for the reason that more than 120 days have elapsed since the judgment and sentence was pronounced before the appeal was filed in this court.

The record reveals that the appeal was filed in this court April 15, 1946, or approximately six months after sentence was pronounced.

Under the provisions of 22 O. S. 1941 § 1054, an appeal from a conviction in a misdemeanor case must be perfected within 60 days from the date judgment and sentence is pronounced in the trial court, unless the trial court for good cause shown extends the time in which such appeal may be taken for a period not exceeding 60 days, making a maximum of 120 days in which an appeal may be taken in a misdemeanor case.

Unless the appeal is filed within the statutory period, this court has no jurisdiction to hear and determine the appeal. Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Davidson v. State, 82 Okla. Cr. 152, 167 P. 2d 381.

This motion to dismiss appeal was set for hearing; no response was filed on behalf of the defendant and no appearance made at the time the case was set for oral argument. Under the record as herein above disclosed, it appears that the motion to dismiss the appeal should be sustained.

It is therefore ordered that the appeal is dismissed and the cause is remanded to the county court of Marshall county with directions to cause its judgment and sentence to be carried into execution.

BAREFOOT, P. J., and BRETT, J., concur.