## DON NIX V. CITY OF TULSA.

No. A-10769.   Oct. 15, 1947.
Rehearing Denied Dec. 10, 1947.
(190 P. 2d 840.)

G. Ellis Gable, Chas. P. Gotwals, Jr., and Kavanaugh Bush, all of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Haskell A. Holloman, Asst. Atty. Gen., and Chas. R. Bostick, Tulsa City Atty., and A. M. Widdows, Asst. Tulsa City Atty., both of Tulsa, for defendant in error.

BRETT, J.  The defendant was sentenced on April 20, 1946, to pay a fine of $100 and costs on the charge of unlawfully and wrongfully encumbering and obstructing Terwilleger Boulevard in the city of Tulsa, Oklahoma, said Boulevard being a dedicated street of the city of Tulsa.

The Attorney General has filed a motion to dismiss the appeal for the reason that more than 60 days have elapsed since the judgment was rendered and the appeal

perfected, and alleges that this court lacks jurisdiction to hear said appeal.

The record reveals that the appeal was filed in this court on June 22, 1946, approximately 62 days after sentence was pronounced. Under the provisions of Title 22 O. S. A. § 1054:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

This makes a total of 120 days in which an appeal may be taken in a misdemeanor case, provided, orders of extension are procured to carry the original appeal period beyond 60 days. The order overruling the motion for new trial was entered on April 27, 1946—30 days were granted to prepare and serve the case-made. No extensions beyond the original grant of 30 days appear in the record herein before us.

Unless the appeal is filed within the statutory period, this court has no jurisdiction to hear and determine the appeal. Ryals v. State, 84 Okla. Cr. 114, 179 P. 2d 482; Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Davidson v. State, 82 Okla. Cr. 152, 167 P. 2d 381. In Brown v. State, 84 Okla. Cr. 115, 179 P. 2d 478, 479, this court said:

"When appeal in misdemeanor case is not taken within 60 days prescribed by statute, it will be dismissed for want of jurisdiction, unless record or case-made affirmatively shows that trial court extended time for good cause."

See, also, Jump v. State, 76 Okla. Cr. 9, 133 P. 2d 561; Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998; Gunter v. State, 13 Okla. Cr. 83, 162 P. 231.

In Brown v. State, supra, this court further said:

"A failure to file the appeal in this court within the time allowed by the law is fatal to the appeal and this court has no discretion to determine the appeal unless it is taken within the time prescribed by statute."

For the reasons hereinabove stated, the purported appeal herein should be and is hereby dismissed and the cause remanded to the trial court, with directions to enforce its judgment and sentence. It is so ordered.

BAREFOOT, P. J., and JONES, J., concur.