### BILL JACKSON v. STATE.

No. A-10827.   Jan. 14, 1948.

(188 P. 2d 878.)

Porter Newman, of Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Victor C. Phillips, Co. Atty., of Durant, for defendant in error.

BAREFOOT, P. J.   Defendant, Bill Jackson, was charged in the county court of Bryan county with the unlawful possession of intoxicating liquor, to wit: Ten

half-pint bottles of Ron Donna Rum, and two pint bottles of Seagram 7 crown whisky; was tried, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The Attorney General, on behalf of the state, has filed a motion to dismiss the appeal, for the reason that the petition in error with case-made attached was not filed in this court within the period of 120 days from the date of judgment and sentence, as provided by the statute.

It is provided by Tit. 22 O. S. 1941 § 1054:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

We are reluctant to dismiss appeals in criminal cases, and will not do so upon technicalities, but when the appeal has not been filed within the time prescribed by the statute, it has been held upon many occasions that this court does not have jurisdiction to consider the appeal. See the following cases: Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Monzell v. State, 78 Okla. Cr. 34, 143 P. 2d 163; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870; Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Powell v. State, 65 Okla. Cr. 250, 85 P. 2d 326; Wallace v. City of Tulsa, 76 Okla. Cr. 254, 135 P. 2d 1002; Samford v. State, 83 Okla. Cr. 134, 173 P. 2d 749; Butler v. State, 83 Okla. Cr. 105, 173 P. 2d 453; Ryals v. State, 84 Okla. Cr. 114, 179 P. 2d 482.

The record in this case reveals that the verdict of the jury finding the defendant guilty was rendered on August 27, 1946. The motion for new trial was filed on

September 9, 1946, and overruled on September 13, 1946, and the judgment and sentence entered in the court clerk's office on September 17, 1946. At the time of entering judgment and sentence, an extension of 30 days was given for the preparation and service of case-made for appeal, and on September 21, 1946, an additional extension of time was granted, as follows:

"Now on this the 21st day of September, 1946, the same being a regular judicial day of this court came on for hearing an oral motion of the defendant for an order extending the time in which to prepare and serve case-made and for good cause shown the court is of the opinion that an additional 60 days, in addition to the time heretofore granted, should be granted the defendant in which to prepare and serve case-made and the plaintiff to have ten days after the service of the case-made in which to suggest amendments, if any, and the case-made to be settled upon five days written notice by either party.

"It is therefore ordered, adjudged and decreed by the court, that the defendant, Bill Jackson, be granted an additional 60 days, in addition to the time heretofore granted, in which to prepare and serve case-made and the plaintiff to have ten days after the service of the case-made in which to suggest amendments, if any, and the case-made to be settled on five days written notice by either party., *and time is extended to February 10th, 1947, to file petition in the court of Criminal Appeals.*"

From an examination of the case-made it appears that the last part of the above order, to wit: "and time is extended to February 10th 1947, to file petition in the Court of Criminal Appeals," was entered after the case-made had been prepared, as it is in different print. But that part of the order attempting to extend the filing of the case-made until February 10, 1947, was beyond the power and jurisdiction of the court for the reason that

the judgment and sentence was entered on September 17, 1946, and the attempted extension of time to February 10, 1947, was beyond the 120 days allowed by the statute for the filing of an appeal in misdemeanor cases.

The record further reveals that the case-made was completed by the court reporter on November 21, 1946, and was served upon the county attorney on December 9, 1946, and the right to suggest amendments was waived on that date. The trial judge signed the final certificate on January 3, 1947, and the same was filed with the court clerk of Bryan county on January 3, 1947, and was withdrawn for appeal on the same date. As above stated, it was not filed with the clerk of this court until February 3, 1947, which was beyond the 120 days as provided by the statutes for appeal in misdemeanor cases.

It is regrettable that it becomes necessary to dismiss the appeal in this case for the reason that questions are raised by the appeal which, if considered, would probably result in a reversal of the case, but under the decisions above cited, this court is without jurisdiction to consider the questions raised.

For the reasons above stated, the appeal in this case is dismissed.

JONES and BRETT, JJ., concur.