## Application of H. C. OLIVER.

No. A-11054.   Sept. 23, 1948.
(198 P. 2d 220.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petitioner, H. C. Oliver, who is now an inmate of the State Penitentiary at McAlester, has filed a petition in this court seeking the issuance of a writ of mandamus directed to the court clerk of Oklahoma county, directing that said clerk furnish him certain records, including a transcript of the evidence taken at his trial in the district court of said county.

Petitioner states in his petition that he was convicted by a jury in Oklahoma county, where he was charged with the crime of obtaining money under false pretense, and was sentenced on March 28, 1947, to serve a term of ten years in the State Penitentiary, at McAlester. That after sentence was pronounced, he gave notice of appeal, and the court granted a motion for time for the preparation of a case-made at the expense of the county. A letter from the district judge of Oklahoma who tried the case was attached to the petition. This letter reveals that the case-made was prepared within the time provided by law and delivered to the attorney who represented defendant at the trial of his case in the district court. For some reason, not revealed by the record, petition in error and the case-made were never filed in this court. For the record, we will state that the writer of this opinion has, since this petition was filed, secured the copies of the case-made from the attorney who represented petitioner in the trial court, and has had the clerk of this court forward the same to the petitioner.

While it is to be regretted that the case-made was not filed in this court within the time provided by statute, there is no relief that can be granted by this court at this time, under the law. It will be noted from the

dates above mentioned, that the time for filing an appeal in this court has long since expired, and had expired prior to the time petitioner filed his application for writ of mandamus.

It is provided by 22 O. S. 1941, § 1054:

"* * * In felony cases, the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

In construing this statute, is has often been held that where the appeal is not filed within six months from the date of the judgment and sentence, in felony cases, this court does not have jurisdiction to consider the appeal. Davidson v. State, 82 Okla. Cr. 152, 167 P. 2d 381; Butler v. State, 83 Okla. Cr. 105, 173 P. 2d 453; Samford v. State, 83 Okla. Cr. 134, 173 P. 2d 749; Ryals v. State, 84 Okla. Cr. 114, 179 P. 2d 482.

It has also been held that even the negligence of the attorney in failing to file the appeal within the time provided by law would not give the court the right to consider the same. Lyons v. State, 6 Okla. Cr. 581, 120 P. 665.

There is nothing in the record to show that the judgment and sentence entered in this case was void, and no fact shown that would justify the court in issuing the writ of mandamus, as prayed for in the petition.

For the reasons above stated, the petition for writ of mandamus is denied.

JONES and BRETT, JJ., concur.