## JOHNSON v. STATE.

No. A-11092.    Jan. 18, 1950.

(213 P. 2d 873.)

Ryan Kerr, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., attorneys for defendant in error.

BRETT, J.  The defendant was sentenced on May 3, 1948, to pay a fine of $50 and costs and to serve 30 days in jail for being in unlawful possession of two and two-thirds pints of tax paid whisky.

The Attorney General has filed his motion to dismiss the appeal for the reason that more than 60 days have elapsed since judgment was rendered and the appeal perfected in this court, and alleges that this court lacks jurisdiction to hear said appeal.  The record re-

veals that the judgment and sentence was entered herein on May 3, 1948, and that the appeal herein was filed on July 3, 1948, which was 61 days after sentence was pronounced. Under the provisions of Title 22, § 1054 O.S.A. 1941:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

This makes a total of 120 days in which an appeal may be taken in a misdemeanor case, provided orders of extension are procured to carry the original appeal beyond the 60 days. The record discloses that no order extending time beyond the 60 days was obtained in this case. Unless the appeal is filed within the statutory period, this court has no jurisdiction to hear and determine the appeal. Nix v. City of Tulsa, 85 Okla. Cr. 374, 190 P. 2d 840; Jackson v. State, 86 Okla. Cr. 6, 188 P. 2d 878. In Nix v. City of Tulsa, supra, this court said:

"When an appeal in misdemeanor case is not taken within the sixty days prescribed by the statute, 22 O. S. A. § 1054, the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

See, also, Jackson v. State, supra. For the reasons hereinbefore stated, the purported appeal should be and is hereby dismissed, and the cause remanded to the trial court, with directions to enforce its judgment and sentence. It is so ordered.

JONES, P. J., and POWELL, J., concur.