## ROLLER v. STATE.

No. A-11589.   Jan. 16, 1952.

(240 P. 2d 112.)

Bruce B. Potter, Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error Raymond D. Roller, defendant below, was charged by information in the county court of Kay county, Oklahoma, with having on July 10, 1950, committed the crime of driving a certain motor vehicle therein described, from an unknown point to a point particularly described as approximately one-half mile east of the city of Tonkawa on U. S. Highway No. 60 in Kay county, Oklahoma, charged with driving an automobile on the public highways while under the influence of intoxicating liquor contrary to law. The case was tried to a jury, the defendant convicted and the matter of punishment left to the court. On March 12, 1951, the trial court entered judgment sentencing the defendant to a term of 4 months confinement in the county jail, and to pay costs. From this judgment and sentence the defendant gave notice of his intention to appeal to this court. The trial court granted an extension of 40 days in which to perfect the appeal. No further extension of time appears to have been granted. The appeal was filed herein on June 6, 1951, which was not within the time granted by the court or an extension thereof as provided by law.

In Nix v. City of Tulsa, 85 Okla. Cr. 374, 190 P. 2d 840, it was said:

"Under the provisions of Title 22 O. S. A. § 1054: 'In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *' This makes a total of 120 days in which an appeal may be taken in a misdemeanor case, provided, orders of extension are procured to carry the original appeal period beyond 60 days. * * *

"Unless the appeal is filed within the statutory period, this court has no jurisdiction to hear and determine the appeal. Ryals v. State, 84 Okla. Cr. 114, 179 P. 2d 482; Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Davidson v. State, 82 Okla. Cr. 152, 167 P. 2d 381. In Brown v. State, 84 Okla. Cr. 115, 179 P. 2d 478, 479, this court said: 'When appeal in misdemeanor case is not taken within 60 days prescribed by statute, it will be dismissed for want of jurisdiction, unless record or case-made affirmatively shows that trial court extended time for good cause.' See also, Jump v. State, 76 Okla. Cr. 9, 133 P. 2d 561; Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998; Gunter v. State, 13 Okla. Cr. 83, 162 P. 231.

"In Brown v. State, supra, this court further said: 'A failure to file the appeal in this Court within the time allowed by the law is fatal to the appeal and this Court has no discretion to determine the appeal unless it is taken within the time prescribed by statute.' "

See, also, Hooker v. State, 88 Okla. Cr. 203, 201 P. 2d 933, and cases cited therein. For the reasons hereinabove stated, the purported appeal herein should be and is hereby dismissed and the cause remanded to the trial court, with directions to enforce its judgment and sentence. It is so ordered.

JONES and POWELL, JJ., concur.