## CRAWFORD v. STATE.

No. A-11624. Dec. 24, 1952.

(252 P. 2d 181.)

David W. Taylor, Norman, for plaintiff in error.

Mac Q. Williamson, Atty Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Oscar Melvin Crawford, defendant below, was charged by information in the county court of Cleveland county,

Oklahoma, with the offense of driving a motor vehicle on U. S. Highway No. 62 within said county while under the influence of intoxicating liquor. The offense was alleged to have been committed on or about March 29, 1950. The case came on for trial; the defendant waived a jury and the case was tried to the court and the defendant found guilty; his punishment fixed at a $100 fine, and judgment and sentence was entered accordingly, from which this appeal has been perfected.

To said appeal the State of Oklahoma filed its motion to dismiss, said motion being predicated upon the following allegations of facts. The judgment and sentence herein was entered on March 16, 1951. Motion for new trial was filed on March 19, 1951, and overruled on April 5, 1951. Thereafter, on June 4, 1951, an extension of 60 days was granted by the trial court to make and serve a case-made. It further appears that said appeal was lodged in this court on August 3, 1951, which was 140 days from and after the date of judgment and sentence herein.

Under the provisions of Title 22 O.S. 1951 § 1054, appeals in misdemeanor cases must be taken within 60 days after the judgment is rendered; provided, however, that the trial court or judge may for good cause shown extend the time in which such appeal may be taken not exceeding 60 days, or said appeal must be lodged within this court within not to exceed 120 days, as extended. Upon failure of the defendant to so perfect his appeal, this court acquires no jurisdiction to consider the appeal. Such has been the repeated holding of this court. Linde v. State, 83 Okla. Cr. 365, 177 P. 2d 527. To the same effect is Haygood v. State, 87 Okla. Cr. 41, 194, P. 2d 210; Loving v. State, 87 Okla. Cr. 150, 196 P. 2d 519; McKinsey v. State, 72 Okla. Cr. 59, 112 P. 2d 1112; Roller v. State, 95 Okla. Cr. 87, 240 P. 2d 112.

It is to be observed in this case that the defendant filed his motion for new trial after judgment and sentence had been entered. In the Linde case supra, we held that the filing of a motion for new trial after judgment is rendered does not extend the time in which the appeal may be lodged in this court; and that under the provisions of Title 22 O.S. 1951 § 953, an application for new trial must be made before judgment is entered. In Wyatt v. State, 81 Okla. Cr. 248, 162 P. 2d 884, this court held that an appeal must be filed within the time allowed by law, after the judgment is rendered and not from the date of the order denying the motion for new trial.

It clearly appears that the within action was not lodged in this court within the time allowed by law. The attempted appeal is therefore dismissed.

JONES and POWELL, JJ., concur.