Earl EDMONDSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12443.

Criminal Court of Appeals of Oklahoma.

May 22, 1957.

Elmore Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., L. O. Thomas, County Atty. of Craig County, Vinita, for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Earl Edmondson, defendant below, was charged by information in the County Court of Craig County, Oklahoma, with the offense of unlawful transportation of intoxicating liquor, said offense

being committed on or about May 26, 1956. The record discloses by stipulation of counsel, that the automobile contained 18 fifths of Scotch whiskey, 294 fifths of bourbon whiskey, 48 pints of bourbon whiskey, 320 one-half pints bourbon whiskey, 24 one-half pints gin, 36 fifths gin, and 16 one-half pints vodka. A jury was waived and the defendant was tried by the Court which found him guilty as charged and fixed his punishment at 30 days in jail and a fine of $200. The Court allowed the defendant 60–10–5 days in which to prepare, sign, settle, and certify casemade. Judgment and sentence were entered accordingly from which this appeal has been attempted.

This matter comes on for hearing on the state's motion to dismiss. It appears from the record that judgment and sentence were entered on October 30, 1956, and no further extension of time was obtained in which to perfect the appeal. It appears that on December 19, 1956, and on December 28, 1956, the defendant was notified that his casemade was ready. On January 14, 1957, the defendant attempted to obtain an extension of time in which to perfect his appeal.

It is apparent that the casemade was not served within the time allowed by law nor in any valid extension thereof, under the provisions of 22 O.S.1951 § 1054; Nowlin v. State, Okl.Cr., 308 P.2d 668; McLean v. State, 95 Okl.Cr. 271, 244 P.2d 335; and Roller v. State, 95 Okl.Cr. 87, 240 P.2d 112, in which it was said:

"When an appeal in misdemeanor case is not taken within the 60 days prescribed by the statute, 22 O.S.A. § 1054, the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise, this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

The motion to dismiss is granted. Dismissed.

POWELL and NIX, JJ., concur.