Glenn Wesley WOODS, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12794.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1960.

Paul Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Robert L. Gregory, County Atty., W. J. Otjen, Jr., Asst. County Atty., Enid, for defendant in error.

NIX, Judge.

Glenn Wesley Woods was charged in the county court of Garfield county with the crime of operating a motor vehicle while under the influence of intoxicating liquor. He was convicted by a jury and sentenced to serve ten (10) days in the county jail and to pay a fine of $100.

Judgment and sentence was pronounced on the 20th day of April, 1959, and the defendant was given seventy five (75) days in which to file his appeal in this court. The petition in error was lodged in this court on July 9, 1959.

Title 22 O.S.A. § 1054 provides:

"In misdemeanor cases the appeal must be taken within sixty (60) days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty (60) days."

It is to be observed that the trial judge gave the defendant "60 days in which to prepare and serve a casemade; 10 days for suggested amendments, and 5 days to settle, and sign, and 75 days were given the defendant to file his petition in error in the Criminal Court of Appeals."

There were no additional extensions requested or granted. The seventy five (75) days granted defendant to lodge his appeal began on the date of judgment and sentence April 20, 1959. The petition in error was filed in this court on July 9, seventy nine (79) days after judgment and sentence.

This court has closely adhered to the rule adopted in Snow v. State, 44 Okl. Cr. 182, 279 P. 975.

Where an appeal has not been filed within time fixed by law, nor trial court's extension thereof, Criminal Court of Appeals acquires no jurisdiction.

Also see Loving v. State, 87 Okl.Cr. 150, 196 P.2d 519; Jackson v. State, 86 Okl.Cr. 6, 188 P.2d 878.

It is obvious from the record that the failure to file said case in time was the result of a misunderstanding of the time granted. The record reflects that the appeal bond filed by the defendant related that defendant was given ninety (90) days in which to appeal. No doubt defense counsel relied upon this, which resulted in his failure to file the appeal in the time prescribed in the court's order of judgment and sentence.

It is to be readily seen that the matter was confusing but this court has no alternative but to dismiss the appeal for lack of jurisdiction.

A review of the casemade reveals that defendant would have gained little had his case been filed in time.

The case is dismissed for lack of jurisdiction.

POWELL, P. J., and BRETT, J., concur.