## F. S. MILLER et al. v. STATE.

No. A-3644.   Opinion Filed June 11, 1921.

(197 Pac. 121.)

(Syllabus.)

Appeal and Error—Time for Appeal—Misdemeanors. An appeal to this court lies from the judgment of conviction, and in a misdemeanor case the greatest length of time allowed for lodging the appeal in this court is 120 days from the date of the rendition of judgment.

2.   Same—Right of Appeal—Legislative Control.   While the appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

3.   Same—Necessity for Appeal in Statutory Time. A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeals on the merits when they are not taken within time prsecribed by statute.

Appeal from County Court, Texas County; George M. Frittz, Judge.

F. S. Miller and Fred Miller were convicted of a violation of the prohibitory liquor laws, and appeal. Appeal dismissed.

James E. Breslin, for plaintiff in error.

S. P. Freeling, Atty, Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from the county court of Texas county, wherein on the 10th day of June, 1919, a judgment of conviction was rendered against each of the defendants of maintaining a liquor nuisance, and punishment of each fixed at a fine of $200 and imprisonment in the county jail for a period of sixty days. Defendants have attempted to take an appeal from this judgment.

The Attorney General has filed a motion to dismiss the appeal on the ground that the same was not filed in this court within 120 days from the date the judgment was rendered.

An examination of the record discloses that judgment was rendered on the 10th day of June, 1919, and that the case made and petition in error were not filed in this court until the 15th day of October, 1915, more than 120 days after the rendition of said judgment. This being an attempted appeal from a judgment of conviction for a misdemeanor, the greatest length of time within which the appeal must be lodged in this court is 120 days from the date of the rendition of judgment. Section 5991, Revised Laws 1910. The appeal to this court lies from the judgment. Section 5988, Revised Laws 1910.

While the appeal may be taken by defendant as a matter of right from a judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control. Waggoner v. State, 13 Okla. Cr. 715, 167 Pac. 237.

The statute prescribing the manner in which an appeal can be taken is mandatory, and a failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal. Green v. State, 7 Okla. Cr. 5, 120 Pac. 1037; Gorman v. State, 9 Okla. Cr. 351, 131 Pac. 939.

There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Howey v. State, 9 Okla. Cr. 453, 132 Pac. 499.

Case-made and petition in error not having been filed in this court within 120 days after the rendition of judgment, this being a misdemeanor conviction, the motion of the Attorney General to dismiss the appeal must necessarily be sustained.

It is therefore ordered and adjudged that the appeal be dismissed, and the cause is remanded to the trial court, with directions to carry into effect the judgment.