## J. K. LAMBE v. STATE.

No. A-4184.    Opinion Filed May 10, 1924.
(225 Pac. 572.)

(Syllabus.)

1.  **Appeal and Error—Appeal Filed Beyond Statutory Period Dismissed.**  This court is without jurisdiction to consider the merits of an appeal filed in this court beyond the period allowed by statute.

2.  **Same—Methods of Appeal Stated—Appellate Court May Order Record Supplemented.**  An appeal may be taken to this court in either of two ways: First, by the timely filing of a petition in error with a case-made attached; and, second, by the timely filing of a petition in error and a transcript of the record, or some part of it. In either event, if it appears that the record is deficient or incomplete, this court has the right at any time to order the record on file supplemented by any parts necessary to a fair consideration of the issues involved.

Appeal from District Court, Lincoln County; A. C. Brewster, Assigned Judge.

J. K. Lambe was convicted of embezzlement, and he appeals. Appeal dismissed.

Jarrett & Speakman, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. The Attorney General has filed a motion to dismiss the appeal for the reason that the court is without jurisdiction because the judgment on the verdict, fixing the punishment at 1½ years in the penitentiary, was rendered on the 26th day of January, 1921, and the attempted appeal was not lodged in this court until January 25, 1922, months after the expiration of the period prescribed by statute for taking an appeal to this court.

Plaintiff in error has made a showing that he encountered many difficulties in procuring a case-made; that the reporter who took the testimony and made a record of the other proceedings in the trial court resided in Oklahoma City; that the attorney for plaintiff in error called upon her upon several occasions and wrote many letters urging her to make up this record; that from time to time she promised to have it made in time, but failed. In the meantime the trial court extended the time for making and serving a case-made until the extensions of time so granted by the court covered the whole 6 months' period in which an appeal could be taken.

Plaintiff in error, in his response to the Attorney General's motion to dismiss, urges that he should not be deprived of his right of appeal on account of the laches of the court reporter; the record, however, discloses that the court reporter was not solely at fault. If proper arrangements had been made with her immediately after the trial, the record might have been prepared in time, but subsequently sickness and the loss of certain exhibits caused the delay.

An appeal may be taken to this court in either of two ways: First, by the timely filing of a petition in error, with case-made attached; and, second, by the timely filing of a petition in error and a transcript of the record, or some part of it. In either event, if it appears that the record is

deficient or incomplete, this court has the right at any time to order the record on file supplemented by any parts necessary to a fair consideration of the issues involved. But the plaintiff in error must get into this court by one or the other of these methods within the statutory period, and the failure to do so will be fatal. This court is without jurisdiction to consider an appeal filed beyond the period allowed by statute. Farmer v. State, 5 Okla. Cr. 151, 114 Pac. 753; Dodson v. State, 24 Okla. Cr. 280, 217 Pac. 899.

The plaintiff in error made an extraordinary effort to obtain a record, but we cannot say that he did everything that he could have done to perfect his appeal in time. If immediately after the trial he had made proper arrangements, the record in all probability would have been promptly made; and, if it had not, he could have at any time obtained enough of the record to have filed his appeal here, and this court would have had authority to make orders permitting him to supplement the record on file with such other parts of the proceedings as appeared essential to a determination of the appeal.

The motion of the Attorney General to dismiss the appeal is allowed, and the appeal is ordered dismissed, with instructions to the trial court to enforce the judgment and sentence.

MATSON, P. J., and DOYLE, J., concur.