## DICK JONES v. STATE.

No. A-9007.  Jan. 10, 1936.
(53 Pac. [2d] 589.)

Morrill & Snodgrass, plaintiff in error.

Mac Q. Williamson, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and E. Mac Townsend, Co. Atty., for the State.

DAVENPORT, P. J. This is an attempted appeal from the county court of Tillman county, wherein on the 1st day of June, 1935, a judgment of conviction was rendered in accordance with the verdict of the jury finding the defendant, Dick Jones, guilty of the offense of unlawfully pointing a pistol at another, and fixing his punishment at four months in the county jail and a fine of $500 and cost.

The Attorney General has moved to dismiss the appeal on the ground that the same was not filed in this court within 120 days from the date the judgment was rendered.

An examination of the record discloses that the petition in error, with case-made attached, was not filed in this court until the 9th day of October, 1935, more than

120 days after the rendition of said judgment. This being an attempted appeal from a misdemeanor, the greatest length of time in which an appeal may be lodged in this court is 120 days from the rendition of the judgment.

An appeal may be taken by the defendant as a matter of right from a judgment of conviction, but the manner of taking and perfecting said appeal is a proper matter of legislative control. Stacy v. State, 37 Okla. Cr. 45, 256 Pac. 63, and cases therein cited.

The statute prescribing the manner in which an appeal may be taken is mandatory, and a failure to file an appeal in the appellate court in the time allowed by law is fatal to the appeal.

There is no provision of law which vests this court with the right to hear and determine appeals on their merits when they have not been taken within the time prescribed by statute. Stacy v. State, supra.

The failure to file the petition in error and case-made in this court within the 120 days after the rendition of the judgment, this being a misdemeanor conviction, the motion of the Attorney General to dismiss the appeal must be sustained.

It is therefore ordered and adjudged that the purported appeal be dismissed, and the cause remanded to the trial court, with directions to carry into effect its judgment.

EDWARDS and DOYLE, JJ., concur.