## HARVE POWELL v. STATE.

No. A-9470. Dec. 2, 1938.

(85 P. 2d 326.)

James Hays, Jr., and Tom Payne, and James S. Eaton, all of Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM. The defendant in the trial court was by information charged with the unlawful posses-

sion of intoxicating liquors; was tried, convicted and sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days, and has appealed.

A motion has been filed by the Attorney General to dismiss the appeal on the ground that the appeal was not filed within the statutory time, and this court is without jurisdiction to hear and determine the appeal.

Section 3192, O. S. 1931, 22 Okla. St. Ann. ch. 18, § 1054, in part is as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days."

The record in this case shows that the defendant was sentenced on the 24th day of September, 1937, and that the case was not filed in this court until March 15, 1938, which is more than 120 days after the judgment was rendered by the trial court. An appeal filed in this court after the expiration of 120 days from the date of the judgment is not filed within the statutory time and this court is without jurisdiction to hear and determine the case. Section 3192, O. S. 1931, supra; Howard v. State, 50 Okla. Cr. 223, 297 P. 309; Logan v. State, 51 Okla. Cr. 448, 3 P. 2d 748; Miller v. State, 41 Okla. Cr. 367, 273 P. 374.

For the reasons herein stated, this court is without jurisdiction to hear and determine the appeal, and the motion to dismiss is sustained, and the case dismissed.