## DICK BULLARD v. STATE.

No. A-9975.   Dec. 3, 1941.

(119 P. 2d 870.)

W. H. Cooper, of Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.  This is an attempted appeal from a judgment of conviction rendered in the county court of Comanche county, on May 21, 1940, finding Dick Bullard guilty of unlawful possession of intoxicating liquor, with punishment assessed at 60 days' confinement in the county jail and a fine of $150.

It appears that on February 7, 1940, the county attorney of Comanche county filed an information in the county court of said county charging Dick Bullard with the unlawful possession of 24 half pints and 16 pints of whisky.

The record shows that when the case was called for trial the defendant waived his right to a jury trial, and it was agreed by and between the parties to try the case to the court.

When the case was called for final submission, counsel for the state moved to dismiss the attempted appeal for want of jurisdiction.

An examination of the record discloses that judgment was rendered May 21, 1940, and the case-made and petition in error was not filed in this court until the 21st of November, 1940, six months after the rendition of said judgment.  This being an attempted appeal from a judgment of conviction for a misdemeanor, the greatest length of time within which the appeal must be lodged in this

court is 120 days from the date of the rendition of judgment. Section 3192, Sts. 1931, 22 Okla. St. Ann. § 1054.

The statute prescribing the manner in which an appeal can be taken is mandatory, and a failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal. Green v. State, 7 Okla. Cr. 5, 120 P. 1037.

There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95.

Case-made and petition in error not having been filed in the court within 120 days after the rendition of judgment, this being a misdemeanor conviction, the motion of counsel for the state to dismiss the attempted appeal must necessarily be sustained.

It is therefore ordered and adjudged that the appeal be dismissed and the cause is remanded to the trial court, with directions to enforce its judgment and sentence.

BAREFOOT, P. J., and JONES, J., concur.