## N. H. LEE v. STATE.
No. A-10005.   May 6, 1942.
(126 P. 2d 94.)

Jack Spivey, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for the State.

DOYLE, J.   N. H. Lee was by information filed in the common pleas court in and for the county of Oklahoma, January 27, 1939, charged with the unlawful possession of 17 pints of tax-paid liquor.

On September 23, 1940, the case came on for trial before Carl Traub, judge in division No. 1 of said court. It was stipulated by and between the parties to try the case to the court. The trial resulted in a conviction. Whereupon, on request of counsel for the defendant, sentence was deferred to October 5, 1940, time to file motion for new trial September 27th. The minutes show, October 5, 1940, motion for new trial overruled, exception, and defendant, N. H. Lee, sentenced to serve 30 days in the county jail and pay $50 fine and costs. The defendant gave notice of appeal.

On November 16, 1940, the court upon defendant's application granted 60 days in addition to the 60 days allowed by law, or 120 days in all, from the date of the judgment in which to file an appeal in the Criminal Court of Appeals of Oklahoma.

The record shows that the petition in error with case-made attached was filed in this court on February 5, 1941, On September 25, 1941, it was submitted on briefs. The record shows that briefs on the part of appellant and the state were filed in the case.

An examination of the record discloses that the petition in error and case-made were not filed within 120 days after the rendition of said judgment. This being an attempted appeal from a judgment of conviction for a misdemeanor, the greatest length of time within which the appeal must be lodged in this court is 120 days from the rendition of the judgment. Sec. 3192, Sts. 1931, 22 O. S. 1941 § 1054. Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870.

It has been uniformly held that, in order to give this court jurisdiction, the appeal as prescribed by section 3192, supra, must be filed with the clerk of this court

within the time which an appeal may be taken, and, where an appeal is not perfected by filing in this court a petition in error with case-made attached, or a transcript of the record, within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed. Newton v. State, supra.

The petition in error with case-made attached not having been filed in this court within 120 days after the rendition of judgment, this being a misdemeanor conviction, the attempted appeal herein must necessarily be dismissed.

For the reasons stated, the purported appeal herein should be dismissed and the cause remanded to the trial court, with direction to enforce its judgment and sentence, and it is so ordered.

BAREFOOT, P. J., and JONES, J., concur.