## KATHERINE WALLACE v. CITY OF TULSA.

No. A-10116.    April 7, 1943.

(135 P. 2d 1002.)

Tom Durham, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and O. C. Lassiter, Asst. City Atty., of Tulsa, for defendant in error.

BAREFOOT, J.  Defendant, Katherine Wallace, was charged in the municipal criminal court of the city of Tulsa with the unlawful possession of intoxicating liquor, towit, four and one-half pints of tax-paid whisky, was

tried before the court, convicted and sentenced to pay a fine of $75 and serve 20 days in the city jail of Tulsa; and appealed.

A motion has been filed by the Attorney General to dismiss the appeal for the reason that the same was not filed in this court within the time provided by law.

It is revealed by the record that judgment and sentence was entered on March 28, 1941, and motion for new trial was overruled on April 1, 1941. Defendant was given 60 days within which to make and serve a case-made, the plaintiff ten days thereafter to suggest amendments, the same to be signed and settled upon five days notice by either party. The record does not reveal any extension of time. The appeal was filed in this court on July 31, 1941. This was 121 days from the date of overruling the motion for new trial.

The statute which provides the time allowed for taking appeals in misdemeanor cases is 3192, Okla. Stat. 1931, Okla. Stat. Ann. (1941) Title 22, § 1054, and is as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This statute has been construed by this court many times, and it has been the universal holding that when the appeal is not filed within the time prescribed by the statute, this court is without jurisdiction to hear and determine the issues raised on appeal, and that the appeal will be dismissed. From the many cases, the following are cited as being more nearly in accord with the facts

as they here appear: Freeley v. State, 4 Okla. Cr. 21, 109 P. 239; Steele v. State, 25 Okla. Cr. 226, 219 P. 429; Austin v. State, 55 Okla. Cr. 278, 28 P. 2d 1113; Emerson v. City of Tulsa, 59 Okla. Cr. 359, 61 P. 2d 1023; Swink v. State, 64 Okla. Cr. 466, 82 P. 2d 316; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95.

We have read the record in this case and unhesitatingly state that the evidence of the city was wholly insufficient to support the judgment and sentence, and evidence was introduced which was incompetent as against this defendant. The judgment and sentence was increased because the defendant indicated an intention to appeal.

By reason of the facts above stated, this court is without jurisdiction to pass upon the merits of this appeal, and for the reasons above stated, the appeal is dismissed.

JONES, P. J., and DOYLE, J., concur.