BOB MILLER v. STATE.

No. A-10247. Dec. 22, 1943.

(144 P. 2d 120.)

F. W. Herndon, of Enid, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Bob Miller, was charged in the county court of Garfield county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 45 days in the county jail and to pay a fine of $100.

The Attorney General has filed a motion to dismiss the appeal for the reason that the petition in error with case-made attached was not filed in this court until 126 days after judgment and sentence was pronounced against defendant.

The record discloses that defendant was tried before a jury on October 21, 1941, was found guilty with the punishment to be fixed by the court. Thereafter, and on December 1, 1941, a motion for a new trial was overruled and the defendant sentenced as hereinabove stated. Various extensions of time were taken by defendant in which to make and serve a case-made. The case-made was not settled and signed by the county judge of Garfield county until April 6, 1942, and on the same date the attempted appeal was lodged in this court.

22 O. S. 1941 § 1054, in the Code of Criminal Procedure, provides that:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days."

In the recent case of Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870, the second and third paragraphs of the syllabus read as follows:

"A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute.

"In misdemeanor cases, the appeal must be taken within 60 days after the judgment is rendered, provided, however, that the trial court or judge may for good cause shown extend the time in which an appeal may be taken not exceeding 60 days. Section 3192, Sts. 1931, 22 Okla. St. Ann. § 1054. When this is not done within the time prescribed by said section, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed."

And in the concluding portion of said opinion it is stated:

"There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95." See also McKinsey v. State, 72 Okla. Cr. 59, 112 P. 2d 1112; Lee v. State, 74 Okla. Cr. 358, 126 P. 2d 94.

For the reasons hereinabove stated, the purported appeal herein, not having been filed within 120 days after

rendition of the judgment, should be dismissed and the cause remanded to the trial court, with direction to enforce its judgment and sentence. It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.