## MARION BUTLER v. STATE.

No. A-10616.   Oct. 9, 1946.
(173  P.  2d  453.)

C. D. Wilkinson, of Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and L. E. Mifflin, County Atty., of Idabel, for defendant in error.

BAREFOOT, J.  Defendant, Marion Butler, was charged in the county court of McCurtain county with the unlawful possession of intoxicating liquors, to wit: Six pints of whisky. He was tried, convicted and sentenced to pay a fine of $100 and to serve a term of 30 days in the county jail, and has appealed.

The Attorney General, on behalf of the state, has filed a motion to dismiss the appeal in this case on the ground that the petition in error with case-made attached was not filed in this court within the time prescribed by law.

The record discloses that defendant was tried and convicted in the county court of McCurtain county on November 26, 1944. His motion was new trial was overruled and judgment and sentence entered on December 1, 1944, and at his request he was given 60 days in which to prepare and serve case-made on appeal. On January 26, 1945, the case-made was served, settled, signed by the court, and filed in the office of the court clerk of McCurtain county. However, the petition in error with case-made attached was not filed in this court until March 29, 1945.

Tit. 22, O. S. 1941 § 1054, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause

shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

The defendant did not ask for an order extending the time beyond the 60 days provided by the statute to prepare and serve case-made and file same in this court, and no order therefor was entered.

In the case of Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99, we had before us the construction of this statute, where the facts were identical with those in the instant case. It was there said:

"Where the defendant had 60 days to perfect his appeal, and the case-made is signed and settled prior to that time, it is required that the same be filed within the 60 day period."

And:

"Where the case-made has not been filed within the time prescribed by law, this court does not acquire jurisdiction and the appeal will be dismissed on motion." Powell v. State, 65 Okla. Cr. 250, 85 P. 2d 326; Jones v. State, 58 Okla. Cr. 342, 53 P. 2d 589.

And in the case of McKinsey v. State, 72 Okla. Cr. 59, 112 P. 2d 1112, we said:

"We are not in sympathy with a construction of a statute which technically prevents a defendant from having a hearing upon the merits of his case after an appeal to this court. But counsel for defendant have made no attempt to brief this case, although the same was filed here on the 12th day of February, 1940."

In the instant case no response has been filed to the motion to dismiss, which was filed in this court on April 17, 1946, and no brief has been filed on behalf of the defendant.

For the reasons above stated, the motion to dismiss the appeal is sustained.

JONES, P. J., concurs.   DOYLE, J., not participating.