## HENRY SAMFORD v. STATE.

No. A-10624.   Oct. 23, 1946.
(173 P. 2d 749.)

Robert O. Swimmer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. This is an appeal from the court of common pleas of Oklahoma county from a conviction for the crime of illegal possession of intoxicating liquor.

The Attorney General has filed a motion to dismiss the appeal for the reason that judgment and sentence was pronounced on January 15, 1945, at which time the defndant was given 30 days to make and serve case-made, the state to have three days thereafter to suggest amendments, and the same to be settled on three days' notice in writing by either party. That the case-made was served, signed and settled and filed in the office of the clerk of the common pleas court on February 10, 1945, which was considerably less than the 30 days authorized by the court in the order made at the time the judgment was entered.

It is further alleged that no extension of time in which to file the appeal was ever granted. The appeal was not filed in the Criminal Court of Appeals until May 3, 1945, which was long after the 60 days allowed by statute had expired.

In the response filed to the motion to dismiss, counsel for defendant does not deny any of the facts alleged in the motion to dismiss, but he asks this court to strike the motion to dismiss from the files for the reason that said motion was filed more than 11 months subsequent to the

date that the defendant filed his petition in error and brief on the merits, and the state is therefore precluded by reason of laches from alleging that the appeal was not perfected within the statutory period.

An examination of the record sustains the statement of facts as alleged in the motion to dismiss.

In the recent case of Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120, 121, it is stated:

"22 O. S. 1941 § 1054 in the Code of Criminal Procedure, provides that:

" 'In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days.'

"In the recent case of Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870, the second and third paragraphs of the syllabus read as follows:

" ' 'A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute.'

" 'In misdemeanor cases, the appeal must be taken within 60 days after the judgment is rendered, provided, however, that the trial court or judge may for good cause shown extend the time in which an appeal may be taken not exceeding 60 days. Section 3192, Sts. 1931, 22 Okla. St. Ann. § 1054. When this is not done within the time prescribed by said section, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.'

" 'And in the concluding portion of said opinion it is stated:

" 'There is no provision of law which vests this court with discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Newton v. State, 38 Okla. Cr. 217, 260 P. 84; King v. State, 68 Okla. Cr. 145, 96 P. 2d 95.' See, also, McKinsey v. State, 72 Okla. Cr. 59, 112 P. 2d 1112; Lee v. State, 74 Okla. Cr. 358, 126 P. 2d 94."

This court is reluctant to dismiss an appeal and would much prefer to decide this case on its merits. However, we only acquire jurisdiction to determine the appeal when it is filed within the statutory period. The Attorney General has called our attention to the jurisdictional defect by filing the motion to dismiss prior to the time the case was set for oral arguments on its merits. Under such circumstances, it is not within our discretion to deny the motion to dismiss.

For the reasons hereinabove stated, the purported appeal herein not having been filed within the statutory period after rendition of the judgment, should be dismissed and the cause remanded to the trial court, with direction to enforce its judgment and sentence. It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.