## BILL BROWN v. STATE.

No. A-10660.　　April 9, 1947.

(179 P. 2d 478.)

Willis & Manning, of Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. This is an attempted appeal from a conviction sustained by the defendant in the county court of Major county.

The verdict of the jury was returned on March 6, 1945. Motion for new trial was filed on March 9, 1945. Because of the illness of the defendant the pronouncement of judgment and sentence in accordance with the verdict of the jury was postponed until April 19, 1945 at 10:00 a.m. On April 19, 1945, the motion for new trial was overruled and judgment and sentence was entered in accordance with the verdict of the jury. No extension of time was ever asked or given to the defendant to file his appeal in the Criminal

Court of Appeals. The appeal was filed in the Criminal Court of Appeals on July 10, 1945, which was more than 60 days after the rendition of the judgment.

On behalf of the state, the Attorney General has filed a motion to dismiss the appeal for the reason that it was not taken within the 60 days prescribed by statute, 22 O. S. 1941 § 1054. No response was filed by the defendant to the motion to dismiss.

In Jump v. State, 76 Okla. Cr. 9, 133 P. 2d 561, this court held:

"When an appeal in a misdemeanor case is not taken within the 60 days prescribed by the statute (Section 3192, O. S. 1931, 22 O. S. 1941 § 1054), the record or case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

See, also, Gunter v. State, 13 Okla. Cr. 83, 162 P. 231; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998. Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120.

A failure to file the appeal in this court within the time allowed by the law is fatal to the appeal and this court has no discretion to determine the appeal unless it is taken within the time prescribed by statute.

For the reasons hereinabove stated, the purported appeal herein should be dismissed and the cause remanded to the trial court with directions to enforce its judgment and sentence. It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.