## ALBERT HAYGOOD v. STATE.

No. A-10835.   June 2, 1948.

(194 P. 2d 210.)

·Emmons Arrington, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.  The Attorney General has filed a motion to dismiss the appeal for the reason that it was not taken within the sixty days prescribed by statute.  22 O. S. 1941 § 1054.  No response was filed by the defendant to the motion to dismiss.

The record discloses that judgment and sentence was pronounced against the defendant pursuant to the verdict of the jury on October 28, 1946, and at the time of the pronouncement of the judgment and sentence, the

court granted the defendant an extension of thirty days from that date to make and serve the case-made.

Pursuant to the order of the court, the County Court reporter prepared and delivered to counsel for defendant within the thirty days a certified copy of the case-made. On November 25, 1946, the certificate of the trial judge was affixed to the case-made certifying the same as a true and correct case-made in said cause. Counsel for the defendant then had thirty-one days in which to lodge his appeal in this Court before the statutory period expired. However, instead of filing the appeal in this Court within the sixty day period authorized by statute, the case-made, together with petition in error attached, was not filed with the Clerk of the Criminal Court of Appeals until February 11, 1947.

A failure to file the appeal in this Court within the time allowed by the statute is fatal to the appeal and the Criminal Court of Appeals has no discretion to determine the appeal unless it is taken within the time prescribed by statute. Jump v. State, 76 Okla. Cr. 9, 133 P. 2d 561; Gunter v. State, 13 Okla. Cr. 83, 162 P. 231; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998; Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120; Brown v. State, 84 Okla. Cr. 115, 179 P. 2d 478.

For the reasons hereinabove stated, the purported appeal herein should be dismissed and the cause remanded to the trial court with directions to enforce its judgment and sentence. It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.