## DEE T. LOVING v. STATE.

No. A-10878.   June 23, 1948.
(196 P. 2d 519.)

Lee & Allen, of Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. Dee T. Loving, Sr., defendant below, was charged in the county court of McCurtain county, with the offense of unlawful transportation of intoxicating liquor or whisky, to wit, four cases of tax-paid whisky, from some point outside of McCurtain county, to a point about one mile south of Cisco, five miles west of Idabel within said county and state with the intent to violate the prohibitory liquor laws of the State of Oklahoma; was tried, convicted and sentenced to pay a fine of $200 and serve 60 days in the county jail, and has appealed.

The Attorney General, on behalf of the state, has filed a memorandum as to the lack of jurisdiction of the Criminal Court of Appeals as shown by the record, for the reason that the petition in error with case-made attached was not filed within this court within the period of 60 days from the date of the judgment and sentence, as provided by statute. The record discloses that to said verdict of conviction a motion for new trial was filed, heard, considered and overruled with exceptions on February 17, 1947, and the defendant sentenced as hereinbefore set forth, to all of which the defendant excepted in open court and gave notice of appeal to the Criminal Court of Appeals. The defendant asked and was allowed 60—10—5 days in which to make and serve a casemade. On the expiration of the 60 days allowed by the court to make and serve a case-made, no extension of time within the additional 60 days as provided by statute was requested or given to the defendant to file his appeal in the Criminal Court of Appeals. Thereafter, on May 15, 1947, petition in error together with the case-

made thereto attached was filed in the Criminal Court of Appeals.

Under the provisions of Title 22 O. S. A. 1941 § 1054, as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, *that the trial court or judge* may, *for good cause shown,* extend the time in which such appeal may be taken not exceeding sixty days." (Emphasis ours.)

As was said in the case of Jackson v. State, 86 Okla. Cr. 6, 188 P. 2d 878, 879:

"We are reluctant to dismiss appeals in criminal cases, and will not do so upon technicalities, but when the appeal has not been filed within the time prescribed by the statute, it has been held upon many occasions that this court does not have jurisdiction to consider the appeal. See the following cases: Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Monzell v. State, 78 Okla. Cr. 34, 143 P. 2d 163; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870; Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Powell v. State, 65 Okla. Cr. 250, 85 P. 2d 326; Wallace v. City of Tulsa, 76 Okla. Cr. 254, 135 P. 2d 1002; Samford v. State, 83 Okla. Cr. 134, 173 P. 2d 749; Butler v. State, 83 Okla. Cr. 105, 173 P. 2d 453; * * * *"

See, also, Pooler v. State, 85 Okla. Cr. 97, 185 P. 2d 235.

No response to the memorandum of the Attorney General calling to the court's attention its lack of jurisdiction has been filed by the defendant. In Jump v. State, 76 Okla. Cr. 9, 133 P. 2d 561, this court held:

"When an appeal in a misdemeanor case is not taken within the sixty days prescribed by the statute (Section 3192, O. S. 1931, 22 O. S. 1941 § 1054), the record or

case-made must affirmatively show that the trial court or judge thereof for good cause shown extended the time; otherwise this court is without jurisdiction to review the judgment, and such appeal will be dismissed."

See, also, Gunter v. State, 13 Okla. Cr. 83, 162 P. 231; Wilkerson v. State, 76 Okla. Cr. 152, 134 P. 2d 998; Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120. In Brown v. State, 84 Okla. Cr. 115, 179 P. 2d 478, 479, it was further said:

"A failure to file the appeal in this court within the time allowed by the law is fatal to the appeal and this court has no discretion to determine the appeal unless it is taken within the time prescribed by statute."

For the reasons hereinabove stated, the purported appeal herein should be dismissed and the cause remanded to the trial court with directions to enforce its judgment and sentence. It is so ordered.

BAREFOOT, P. J., and JONES, J., concur.