## ROBERT L. CLASBY v. STATE.

No. A-10958.   July 14, 1948.

(196 P. 2d 541.)

Paul O. Simms, of Vinita, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BAREFOOT, P. J.   Robert L. Clasby, defendant below, was charged in the county court of Craig county, Okla., with the offense of unlawful possession of intoxicating liquor, to wit, 54 pints of whisky and 5 one-fifth gallon of gin with the intent then and there of selling, conveying, bartering or of giving away or otherwise furnishing the same contrary to law.   On June 17, 1947, he was sentenced to pay a fine of $500 and to serve 30 days in jail and costs.   On said date notice of intention to appeal to the Criminal Court of Appeals was given and entered upon the trial docket, and for good cause shown defendant was granted 60 days time within which to make and serve a case-made and ten days thereafter in

which to suggest amendments and five days to sign and settle the same. Upon expiration of the time thus allowed, on August 14, 1947, the period for perfecting the appeal was extended an additional 60 days. Said appeal was filed in the Criminal Court of Appeals on October 17, 1947, or 122 days after the motion for a new trial was overruled and notice of intention to perfect the appeal was given.

The Attorney General of the State of Oklahoma has filed a motion to dismiss for the reason that the appeal was not filed in this court as provided by law.

Under the provisions of Title 22 O. S. A. 1941 § 1054, as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

It is apparent that this appeal was not perfected until two days after the expiration of the period for perfecting an appeal in misdemeanor cases as provided by statute. In the recent case of Dee T. Loving, Sr., v. State, 87 Okla. Cr. 150, 196 P. 2d 519, we said:

"A failure to file the appeal in this court within the time allowed by the law is fatal to the appeal and this court has no discretion to determine the appeal unless it is taken within the time prescribed by statute."

Therein we quoted from Jackson v. State, 86 Okla. Cr. 6, 188 P. 2d 878, 879, and other authorities as follows, to wit:

"We are reluctant to dismiss appeals in criminal cases, and will not do so upon technicalities, but when the appeal has not been filed within the time prescribed

by the statute, it has been held upon many occasions that this court does not have jurisdiction to consider the appeal. See the following cases: Bouziden v. State, 78 Okla. Cr. 387, 149 P. 2d 99; Monzell v. State, 78 Okla. Cr. 34, 143 P. 2d 163; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870; Johnson v. State, 70 Okla. Cr. 322, 106 P. 2d 128; Powell v. State, 65 Okla. Cr. 250, 85 P. 2d 326; Wallace v. City of Tulsa, 76 Okla. Cr. 254, 135 P. 2d 1002; Samford v. State, 83 Okla. Cr. 134, 173 P. 2d 749; Butler v. State, 83 Okla. Cr. 105, 173 P. 2d 453; * * *."

See, also, Pooler v. State, 85 Okla. Cr. 97, 185 P. 2d 235.

It further appears from the record that the case-made was not served upon the county attorney until October 20, 1947, the appeal having originally been attempted in this court by the attachment of a carbon copy of the case-made to the petition in error and thereafter the original case-made as served upon the county attorney being attached. This defect is likewise fatal as was said in May v. State, 63 Okla. Cr. 165, 73 P. 2d 875:

"The case-made for appeal not served within the time originally allowed for serving a case-made, nor within the time fixed in any valid extension of time is a nullity."

See, also, Welch v. State, 38 Okla. Cr. 300, 260 P. 787.

For the reasons hereinbefore stated, the purported appeal herein should be and the same is hereby dismissed and the case remanded to the trial court with directions to enforce its judgment and sentence.

JONES and BRETT, JJ., concur.