## DOYAL v. STATE.

No. A-11030.   Oct. 12, 1949.

(210 P. 2d 680.)

Jim Barnett, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. This is an appeal by the defendant, Robert Doyal, sustained in the county court of McIntosh county, for the unlawful possession of intoxicating liquor.

The Attorney General has filed a motion to dismiss the appeal for the reason that the same was not filed in this court within the time allowed by law. No response has been filed to this motion.

The record discloses that the judgment and sentence was pronounced on November 4, 1947, at which time the defendant gave notice of appeal, and was given an extension of 60 days from that date in which to make and serve case-made. The case-made was completed and served on the county attorney on December 31, 1947, and was signed and settled by the county judge on January 13, 1948. The appeal was not filed in the Criminal Court of Appeals until March 16, 1948.

By statute it is provided that in misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, however, that the trial court may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days. Tit. 22 O. S. 1941 § 1054.

No extension of time within which the appeal could be taken was given. The case-made was signed and settled by the county judge 10 days before the expiration of the 60 days allowed by the statute for the perfection of the appeal, but the case-made was not filed in this court until more than six weeks later.

This court dislikes to dismiss an appeal for any reason whatsoever and much prefer to determine the case on its merits. However, it is the rule that a failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate

court has no discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute. Miller v. State, 78 Okla. Cr. 112, 144 P. 2d 120; Bullard v. State, 73 Okla. Cr. 238, 119 P. 2d 870.

The appeal is dismissed.

BRETT and POWELL, JJ., concur.