## MAYO v. STATE.

No. A-11713. Nov. 12, 1952.

(250 P. 2d 228.)

144

144

Miles, Drum & Miles, Beaver, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an attempted appeal from a conviction sustained in the county court of Beaver county for the misdemeanor of driving an automobile on the public highway while under the influence of intoxicating liquor.

Judgment and sentence was pronounced against the accused on August 20, 1951. The appeal was not lodged in this court until February 8, 1952, more than five months after the defendant was sentenced.

Title 22 O.S. 1951 § 1054, provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

In Cruse v. State, 86 Okla. Cr. 83, 187 P. 2d 235, it is held:

"While the appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

"A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute."

This appeal, not having been filed within 120 days after the rendition of the judgment, the motion of the Attorney General to dismiss the appeal must be sustained.

The attempted appeal herein is therefore dismissed, and the cause is remanded to the trial court, with directions to enforce its judgment and sentence.

BRETT, P. J., and POWELL, J., concur.