Ronald NAIL, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12737.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1959.

Rehearing Denied Nov. 25, 1959.

———◆———

O. B. Martin, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Ronald Nail, hereinafter referred to as defendant, was charged by information in the District Court of Canadian County with rape in the first degree; was found guilty by a jury of assault with intent to commit a felony. The punishment was affixed by the trial judge at three years in the state penitentiary, after the jury was unable to agree on the punishment.

Defendant was tried April 2, 1958. The judgment and sentence herein appealed from was entered on April 12, 1958. Defendant was granted time to make and serve case-made, after notice of intention to appeal. On January 23, 1959, more than six months from the date of the rendition of the judgment, the plaintiff in error filed a motion for a new trial in the lower court, on the ground that he had been unable to make and prepare his case-made for appeal, because of the illness of the court reporter, who had reported the trial. Motion for new trial was overruled January 30, 1959. The District Judge ordered that on January 30, 1959, defendant be granted 30 days within which time to prepare and serve the case-made. Previous to this date, the District Judge had granted ex-

tension of time 45 days from the 26th of May, 1958; and 30 days extension from the 10th of July.

■ An appeal to the Court of Criminal Appeals lies from any judgment against the accused. The statute authorizes two methods by which an appeal may be taken to this court: (1) After due notice, by filing in this court a case-made, with a petition in error attached; (2) By filing a transcript of the record, with a petition in error attached. Sec. 2813, 2814, Comp.Stat. 1921;, 22 O.S.1951 §§ 1059, 1060.

■ With either method, in a felony case, the appeal must be lodged here within six months from the date of the rendition of the judgment of conviction.

■ The mere fact that a court reporter was ill does not constitute a valid excuse for a failure on the part of the defendant to prepare and serve a case-made. If it did, every judgment entered by any court of record would be at the mercy of the court reporter.

Counsel for defendant, in his brief, urges that he should not be deprived of his right of appeal on account of the illness of the court reporter; the record, however, discloses that the court reporter was not solely at fault. If proper arrangements had been made with him immediately after the trial, the record might have been prepared in time. The trial was heard in April; affidavits show court reporter became ill in June.

As stated in Lambe v. State, 27 Okl.Cr. 156, 225 P. 572:

"* * * if it appears that the record is deficient or incomplete, this court has the right at any time to order the record on file supplemented by any parts necessary to a fair consideration of the issues involved. But the plaintiff in error must get into this court by one or the other of these methods within the statutory period, and the failure to do so will be fatal. This court is without jurisdiction to consider an appeal filed beyond the period allowed by statute."

Lambe v. State, supra, further states:

"The plaintiff in error made an extraordinary effort to obtain a record, but we cannot say that he did everything that he could have done to perfect his appeal in time. If immediately after the trial he had made proper arrangements, the record in all probability would have been promptly made; and, if it had not, he could have at any time obtained enough of the record to have filed his appeal here, and this court would have had authority to make orders permitting him to supplement the record on file with such other parts of the proceedings as appeared essential to a determination of the appeal."

Even though the defendant presented his brief listing numerous assignments of error, this court is without jurisdiction to consider the merits of an appeal filed in this court beyond the period allowed by statute. The doors to an appeal automatically close six months after the rendition of the judgment of conviction.

The appeal is ordered dismissed.

POWELL, P. J., and BRETT, J., concur.