Donald STOCKTON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13564.

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1965.

Rehearing Denied Feb. 17, 1965.

Fred L. Patrick, Sapulpa, Elmore A. Page, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Donald Stockton was charged, tried and convicted for the offense of Rape in the First Degree in the District Court of Creek County, Oklahoma, Case No. 5090–C, and on the 2nd day of April, 1964 judgment and sentence in accordance with the verdict of the jury was rendered against said Donald Stockton, and he appeals.

On the 7th day of August, 1964 there was filed in this court a Petition in Error with casemade attached. Thereafter, on the 3rd day of September, 1964, the State of Oklahoma by and through its Attorney General filed a motion to dismiss said appeal for the reason that the casemade was not timely served.

On the 29th day of September, 1964 on application of counsel for plaintiff in error, this court entered the following order:

"Permission is hereby granted Mr. Clyde Patrick, to withdraw the casemade in the above styled and numbered cause.

/s/ Hez J. Bussey
JUDGE"

The casemade was withdrawn and the following order was entered by the District Court of Creek County, Oklahoma:

"Now on this 30th day of September, 1964, on application of the defendant

for an order extending time to make and serve case-made, it appearing to the court that the time heretofore granted is insufficient, after notice to the adverse party and hearing thereon, the court finds from the evidence that the defendant be granted an extension of time from June 2nd, 1964, to and including October 2nd, 1964, within which to make and serve case-made herein.

/s/ Kenneth Hughes
Judge of the District Court"

The casemade, including said order was refiled with the clerk of this court on the 1st day of October, 1964. Oral argument on the state's motion to dismiss was heard on the 14th day of October, 1964 and submitted on the record, arguments of counsel and briefs of the respective parties.

The state's motion to dismiss must be sustained unless the proceedings held in the District Court of Creek County, Oklahoma on the 30th day of September, 1964 and the order extending time within which to make, settle and serve the casemade operated to validly extend the time.

It is the state's position that when on the 7th day of August, 1964, the appeal was perfected in this court by the filing of a Petition in Error with casemade attached. The trial court lost jurisdiction to enter any order extending the time within which to make, serve and settle casemade.

It is the position of the plaintiff in error that when this court entered the order of September 29, 1964 allowing withdrawal of the casemade, the trial court was vested with the power and authority to act under the provisions of Title 12 O.S. § 962(a).

Title 12 O.S. § 962(a) provides as follows:

"(a) The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court. * * *"

We are of the opinion that the order entered by this court on the 29th day of September, 1964 did not divest this court of jurisdiction nor did it re-invest the trial court with authority to conduct further proceedings in this matter, and that the order entered by the trial court on September 30, 1964 was a nullity. The only method whereby a casemade may be amended or corrected once an appeal has been lodged in this court is in the manner prescribed by the provisions of Title 12 O.S.

Title 12 O.S. § 959 provides as follows:

"If, after any record or case-made is filed in the appellate court, in either a civil or a criminal cause, it shall appear that any matter which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the appellate court may, on its own motion, or on motion of any party to such cause, may, within a reasonable time, to be fixed by the appellate court, if in session, and if not in session to be fixed by any justice of that court, prepare such omitted parts and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed, and no ap-

peal shall be dismissed by reason of such errors or omissions, until an opportunity be given to supply such corrections, and if ordered by the court on its own motion, the parties shall be given reasonable notice of the time allowed, and if made on the motion of one of the parties, the party desiring to amend must give to the opposite parties such notice as the court may by rule prescribe; or the parties, appellant and appellee, may by written agreement file such corrections. If such corrections be not made within the time so· allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to do, may be had at any time before the cause is finally decided by the appellate court."

It is clear from the foregoing statute that once an appeal has been lodged in this court, the court on its own motion or on motion of either of the parties, may enter an order authorizing the correction of the record or incorporation into the record of certificates, orders or evidence on record in the trial court from which the appeal is taken. Such order does not divest this court of jurisdiction but authorizes the trial court to correct or supplement the record as directed in the order. The trial court's authority to act is limited to the matters contained in said order and it has not authority other than that expressly authorized in said order.

■ In the *instant* case the amendment sought to be made was not of certificates, orders or evidence on record in the trial court at the time the appeal was perfected, nor was it the correction of record by an order nunc pro tunc but to the contrary. It was an attempt to conduct a hearing and enter an order extending time within which to make, serve and settle casemade after the trial court had been divested of jurisdiction by the filing of an appeal in this court on the 7th day of August, 1964.

We are of the opinion and therefore hold that the Attorney General's motion to dismiss should be sustained for the reason that at the time the appeal was perfected in this court, the casemade had not been timely served and the order entered by the trial court thereafter purporting to extend such time was a nullity.

We have carefully examined the record and finding that the defendant was represented by competent counsel at the trial, and that the verdict of the jury is amply supported by the evidence, are of the opinion that had the appeal been properly perfected there is nothing in the record that would justify a modification or reversal of this cause. Appeal dismissed.

JOHNSON, P. J., and NIX, J., concur.