Janie NARD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13699.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 1965.

Rehearing Denied April 4, 1966.

Judd Black, Oklahoma City, for plaintiff in error.

Hugh Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Janie Nard, was charged by Information in the District Court of Oklahoma County with Grand Larceny. She was tried by a jury, found guilty, and her punishment assessed at Two Years in the Penitentiary. She made application for a suspended sentence, but was denied because of previous arrests and convictions. From that judgment and sentence, she attempts to appeal to this Court.

The State has filed a Motion to Dismiss alleging the casemade was not filed in this Court within the time prescribed by statute. Title 22, O.S.A. § 1054, states:

"* * * In felony cases the appeal must be taken within three (3) months after the judgment is rendered: provided, however, in felony cases the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment. * * *"

This is the pertinent part of the statute in force on the date of judgment and sentence in the instant case, December 10, 1964. At that time the trial judge granted defendant thirty days to make and serve casemade, ten days to suggest amendments, to be signed and settled on five days notice. Thirty days from December 10, 1964 would have extended the time to *January 10, 1965,* to make and serve casemade. Not until *January 18, 1965* did defendant file an application for extension of time. On that date, *which was late* (and actually a nullity), the trial judge entered an order granting defendant *"120 days from January 18, 1965 to make his appeal in this case".*

This order extended the time to file said casemade in the Court of Criminal Appeals to *May 18, 1965.* This was the last day that the appeal could have been filed in our Court. The casemade, with petition in error, was not filed in our Court until *May 19, 1965, one day too late.*

This Court has ruled on this many times, as in the case of Nowlin v. State, Okl.Cr. 308 P.2d 668:

"Criminal Court of Criminal Appeals is without jurisdiction to entertain an appeal unless it is filed within time allowed by statute, or lawful extension thereof." (Title 22, O.S.A. § 1054)

The above statute must be strictly followed, and this Court acquires no juris-

diction to determine an appeal on its merits unless it is lodged within the time fixed by section 1054, supra.

> "Failure to file appeal in appellate court within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by this section."

Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228; Doyal v. State, 90 Okl.Cr. 108, 210 P.2d 680; Madden v. State, 89 Okl.Cr. 203, 206 P.2d 244; Denney v. State, 87 Okl.Cr. 383, 198 P.2d 230; Clasby v. State, 87 Okl.Cr. 173, 196 P.2d 541; Haygood v. State, 87 Okl.Cr. 41, 194 P.2d 210; Brown v. State, 84 Okl.Cr. 115, 179 P.2d 478; Samford v. State, 83 Okl. Cr. 134, 173 P.2d 749; Stansbury v. State, 78 Okl.Cr. 206, 146 P.2d 137; Miller v. State, 78 Okl.Cr. 112, 144 P.2d 120; Lee v. State, 74 Okl.Cr. 358, 126 P.2d 94; Bullard v. State, 73 Okl.Cr. 238, 119 P.2d 870; Jones v. State, 58 Okl.Cr. 342, 53 P.2d 589; Lambe v. State, 27 Okl.Cr. 156, 225 P. 572; and Miller v. State, 19 Okl.Cr. 148, 197 P. 121.

■ And, further, in the case of Fleetwood v. State, 16 Okl.Cr. 675, 181 P. 157, stated:

> "Where there was no extension, an appeal filed one day late would be dismissed."

■ The defendant relies on an instrument in the back of the casemade, signed by the trial judge, which states:

------------------------------------------------------------

"IN THE DISTRICT COURT OF OKLAHOMA COUNTY.
STATE OF OKLAHOMA

| | |
|---|---|
| STATE OF OKLAHOMA, PLAINTIFF.<br>VS.<br>JANIE NARD, · DEFENDANT. | No. 29948–Cr. |

CERTIFICATE OF TRIAL JUDGE AS TO TIME OF FILING PETITION IN ERROR IN THE COURT OF CRIMINAL APPEALS

I, W. P. KEEN, the undersigned Supernumerary Judge assigned to the District Court of Oklahoma County, State of Oklahoma, Seventh Judicial District, before whom said cause was tried, hereby certify that said case-made was settled on the 10th day of May, 1965, and that the Defendant herein shall have until the 19th day of May, 1965, within which to file his Petition in Error in the Court of Criminal Appeals of the State of Oklahoma.

WITNESS my hand this 13th day of May, 1965, at Oklahoma City, Oklahoma.

/s/ _____

W. P. KEEN
ASSIGNED TRIAL JUDGE

(seal)
ATTEST:

------------------------------------------------------------

———◆———

This is a civil form, and has no bearing in a criminal case. Any extension of time must be made by proper order of the trial judge within the time prescribed by law.

■ Any attempt of the trial court to extend the time for filing the petition in error and casemade in this Court, so as to permit them being filed herein after expiration of 120 days from the date

of valid extension, is void; and where said petition in error and casemade are filed in this Court in compliance with an extra "certificate" signed by the trial judge after the 120 days allowed, the appeal will be dismissed.

It is, therefore, the order of this Court that the Motion to Dismiss filed by the State is sustained, and the attempted appeal is dismissed.

BUSSEY, P. J., and BRETT, J., concur.

## ON REHEARING

PER CURIAM.

This cause coming on for Re-hearing, and the Court being fully advised in the premises, finds that:

This cause was filed in this Court on May, 19, 1965; and after numerous delays, plaintiff in error's brief was filed on October 4, 1965. The Attorney General filed a Motion to Dismiss on November 12, 1965, and oral argument on the motion was held November 17, 1965. The attorney general argued that this Court is without jurisdiction due to plaintiff in error's failure to properly perfect her appeal. The state's contention was that the petition in error and casemade were not filed within the time provided by statute. On December 8, 1965, this Court handed down its opinion sustaining the attorney general's motion to dismiss the appeal, cited as Nard v. State, Okl.Cr.

On December 22, 1965, plaintiff in error filed a petition for re-hearing, in which it was requested that the decision of the Court be withdrawn, in that it was based upon an erroneous fact. In said petition for re-hearing, plaintiff in error's counsel recited as follows:

"Therefore it is positively pointed out that both the application and the dual order of January 18, 1965, extending the time to serve the casemade and to perfect the appeal were both timely made, and thereby extended the time until May 17, 1965. That said joint orders are set forth on page 245 of the casemade, and are as follows:

'IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, by the court that the defendant is allowed an additional time of 120 days to from January 18, 1965, in which to make and serve case-made on appeal, the plaintiff to have three days thereafter in which to suggest amendments and the same to be signed and settled upon three days notice in writing by either party.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY the court that the defendant is granted an additional 120 days from January 19, 1965 to make his appeal in this case.' "

This Court granted plaintiff in error's request and set the matter down for oral argument a second time. At that hearing, plaintiff in error continued to maintain that the appeal was properly before this Court. And the Attorney General continued to maintain the position that the Court was without jurisdiction to further consider this matter, as it was filed out of time.

At this second hearing, plaintiff in error requested permission to withdraw the casemade, to ascertain if any clerical error existed; and, if such was found to exist, permission to correct the same. The Court granted plaintiff in error's request
*TO WITHDRAW THE CASEMADE.*

On January 19, 1966, the casemade was returned to the Clerk of this Court. Included in the casemade, added as page 263, is an instrument labeled "Certificate of Correction", signed by the Honorable Clarence Mills, District Judge for Oklahoma County, Oklahoma. This "certificate" sets forth, for the first time, that a clerical error occurred when the order was typed, prior to being presented to the trial court. It is contended that the order recited 120 days, but that it should have, and

was intended to read, 130 days; and was the result of a typographical error.

When the "Certificate of Correction" was presented to the Honorable Judge Mills (who, incidentally, was not the trial judge), counsel for plaintiff in error failed to provide notice to the Oklahoma County Attorney. Consequently, the only persons present when the "certificate" was presented to the judge were the former, and the present, counsel for plaintiff-in-error.

Thereafter, the Attorney General requested this Court to order an evidentiary hearing into the matters surrounding the issuance of said "Certificate of Correction", because of the lack of required notice to the state. This Court granted the request on March 11, 1966, and ordered an evidentiary hearing.

This hearing was conducted by the Honorable Clarence Mills on March 18, 1966, which record is now before this Court for consideration.

Testimony was offered by the attorney who prepared and presented the original order to the trial court. He testified, in substance, that he had typed the original order, and that he inadvertently typed 120 days instead of the intended 130 days; and that such was purely a typographical error and for that reason the "Certificate of Correction" appeared to be justified.

The District Judge offered his statement explaining the circumstances of his approval of said "certificate", which, in substance, sets forth that the two attorneys for plaintiff-in-error were the only persons present with him; and that he was then informed that the same was a routine and proper matter; and merely constituted a correction of the order extending the time for appeal. On that basis, he approved the "Certificate of Correction".

■ We do not, in any manner whatsoever, question the veracity of any party connected with the "Certificate of Correction". However, we are of the opinion, that in the absence of the required notice

to the adverse party—in this instance, the state—and wherein such adverse party was not present when such correction was presented, considered, and granted; such "Certificate of Correction" becomes a nullity.

In the case of Farmer v. State, 5 Okl. Cr. 151, 114 P. 753, this Court stated:

When attorneys desire to correct a transcript or case-made, they must give reasonable notice to the opposite party, not only of the motion to correct the record, but also, if such motion be granted, must serve upon the opposite party a copy of the corrections desired to be made before such corrections are submitted to the trial judge, to give such opposite party an opportunity to be heard by the trial judge before such corrections are approved and certified to by him.

In the case of Stockton v. State, Okl. Cr. 399 P.2d 60, this Court stated:

* * * that any casemade can be corrected after it is filed in the appellate court, when it shall appear that any matter *which is of record* is omitted from such record or casemade, on motion of one of the parties, such party desiring to amend *must* give to the opposite party notice of same, hearing to be held thereon, if desired; or by written stipulation of both parties and such order to correct or leave to do so may be had at any time *before the cause is decided* by the appellate court. (Emphasis ours) Title 12, O.S.A. § 959.

Wade v. Gould, 8 Okl. 690, 59 P. 11, recites:

Casemade cannot be amended * * * by inserting anything therein which was not part of same when signed and settled.

Recently, the Supreme Court of the State of Oklahoma, while construing § 959, supra, in Short v. Hale, Okl. 400 P.2d 816, said:

This section under which Supreme Court may allow 'record' to be 'corrected' con-

templates correction of matters already in complete and certified transcript filed within time prescribed by law, and does not purport to authorize amendment to belatedly supply omissions of jurisdictional requirements which must be made within three months to perfect appeal by transcript.

Cook v. State, Okl.Cr. 367 P.2d 730:

"Any person desiring to appeal is sponsor of the casemade, and it is his duty to prepare and serve a casemade upon the county attorney, and proper time to add anything omitted by the court reporter or to submit a different version of what happened is prior to submission to county attorney."

See, also Ridenour v. State, 94 Okl.Cr. 92, 231 P.2d 395.

■ This Court is cognizant of the fact that this appeal is dismissed because of a jurisdictional technicality. We do not have jurisdiction to consider the appeal on the record insofar as it was not filed within the time prescribed by statute.

However, we can and have considered the casemade as a transcript; and treat it as a matter of habeas corpus.

We have very carefully examined the record in this cause for fundamental error, and jurisdictional error. We have examined the information, instructions excepted to, judgment and sentence, and have considered the evidence to determine that it is sufficient to support the verdict.

The trial court had jurisdiction of the subject matter, person of defendant, and authority under law to render judgment and sentence imposed, and did not deny defendant any of her fundamental rights.

It is, therefore, the order of this court, that the Petition for Re-Hearing be denied; the judgment and sentence of the trial court affirmed: and the Clerk of this Court is ordered to issue the mandate immediately.